**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RBS CITIZENS, N.A. d/b/a CHARTER ONE, successor by merger to CHARTER ONE BANK, N.A., a national banking association, | |
| *Plaintiff*, | **Case No.** |
| vs. | |
| CHICAGO TITLE LAND TRUST COMPANY, AS SUCCESSOR TRUSTEE TO CITIZENS BANK – ILLINOIS, N.A., AS TRUSTEE UNDER TRUST AGREEMENT DATED MAY 1, 2000 AND KNOWN AS TRUST NUMBER L00134, an Illinois land trust, NERCY JAFARI, individually, and JPMORGAN CHASE BANK, N.A., a national banking association, | **6925 West Cermak Road
Berwyn, IL 60402** |
| *Defendants*. | |

**VERIFIED COMPLAINT FOR MORTGAGE FORECLOSURE,
APPOINTMENT OF MORTGAGEE-IN-POSSESSION AND/OR
RECEIVER, BREACH OF CONTRACT AND OTHER RELIEF**

**NOW COMES** the Plaintiff, RBS CITIZENS, N.A. d/b/a CHARTER ONE, successor by merger to CHARTER ONE BANK, N.A., a national banking association (hereinafter referred to as "PLAINTIFF" or "CHARTER ONE"), by and through its attorneys, FUCHS & ROSELLI, LTD., and for its *Verified Complaint for Mortgage Foreclosure, Appointment of Mortgagee-in-Possession and/or Receiver, Breach of Contract, and Other Relief* ("COMPLAINT") against CHICAGO TITLE LAND TRUST COMPANY, AS SUCCESSOR TRUSTEE TO CITIZENS BANK – ILLINOIS, N.A., AS TRUSTEE UNDER TRUST AGREEMENT DATED MAY 1, 2000 AND KNOWN AS TRUST NUMBER L00134 ("TRUST"), NERCY JAFARI ("JAFARI"), and JPMORGAN CHASE BANK, N.A. ("CHASE") (collectively "DEFENDANTS"), and alleges as follows:

## JURISDICTION AND VENUE

1.     PLAINTIFF is a National Banking Association organized and existing under the laws of the United States of America, with its principal place of business in Providence, Rhode Island.[1] PLAINTIFF is the successor in interest to Charter One Bank, N.A pursuant to a merger on September 1, 2007.[2] *See* FDIC History of Institution, a true and accurate copy of which is attached hereto as **EXHIBIT A**.

2.     TRUST is an Illinois land trust doing business within Cook County, and has a registered agent, C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

3.     JAFARI is an individual whose address is 32 Baybrook Lane, Oak Brook, IL 60523.

4.     CHASE is a national banking association with an address of 14 South LaGrange Road, LaGrange, IL  60525.

5.     All of the occurrences alleged, and complained of, in this COMPLAINT, occurred in the County of Cook, State of Illinois, and thus pursuant to the Illinois Code of Civil Procedure, Section 5/2-105, Cook County is the proper venue for this action.

### Jurisdiction

6.     This Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  This Court has supplemental jurisdiction over PLAINTIFF'S state law claims pursuant to 28 U.S.C. §1367.

---

[1] A national banking association is considered a "citizen of the state in which it is respectively located."  28 U.S.C. § 1348.  The Supreme Court has held that for diversity citizenship purposes, a national bank is "located" in the state designated in its articles of association as locus of its office, not in every state where it has branch offices. *Wachovia Bank, NA v Schmidt*, 546 U.S. 303 (2006); *see also Firstar Bank, NA v. Faul*, 253 F.3d 982 (7th Cir. 2001) (same).
[2] The history of Charter One Bank, N.A. is publicly available at the following link: **http://research.fdic.gov/bankfind/detail html?bank=28932&name=Charter%20One%20Bank,%20National %20Association&searchName=charter%20one&searchFdic=&city=&state=&zip=&address=&tabId=1#**

**Venue**

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, the DEFENDANTS reside in this District and the facts giving rise to this cause of action occurred in this District.

**ALLEGATIONS COMMON TO COUNTS I THRU IV**

8.      On or about February 11, 2003, TRUST and JAFARI executed a certain Term Note ("NOTE") made payable to CHARTER ONE BANK, N.A., to which PLAINTIFF is the legal successor, in the principal amount of Five Hundred Eighty Thousand Dollars and 00/100 ($580,000.00).  A true and accurate copy of the NOTE is attached hereto and made part hereof as **EXHIBIT B**.  The NOTE has a maturity date of February 11, 2013.

9.      As security for the NOTE, TRUST contemporaneously entered into a certain Commercial Mortgage, Security Agreement and Assignment of Leases and Rents (the "MORTGAGE"), on the subject property, 6925 West Cermak Road, Berwyn, IL 60402 (the "PROPERTY").  A true and accurate copy of the MORTGAGE, is attached hereto and made part hereof as **EXHIBIT C**.  The MORTGAGE also grants a security interest in TRUST's personal property and assets ("BUSINESS ASSETS").

10.     On that same date, the TRUST provided additional security for the NOTE by executing a Collateral Assignment of Rents ("AOR") for the PROPERTY.  A true and accurate copy of the AOR is attached hereto and made part hereof as **EXHIBIT D**.

11.     CHARTER ONE BANK, N.A. filed a UCC Financing Statement ("UCC") reflecting its interest in the personal property and assets.  A true and accurate copy of the UCC is attached hereto and made part hereof as **EXHIBIT E**.  The personal property and assets that are subject to the UCC are also included in the definition of BUSINESS ASSETS.

12. On September 1, 2007, CHARTER ONE BANK, N.A. merged into and subsequently operated as part of RBS CITIZENS, N.A. d/b/a CHARTER ONE. *See* EXHIBIT A.

13. On February 13, 2013, PLAINTIFF notified the TRUST and JAFARI of the default under the NOTE and demanded payment of all outstanding amounts. *See* letter from PLAINTIFF dated February 13, 2013 attached hereto and made part hereof as **EXHIBIT F**.

14. CHARTER ONE has complied with all terms and conditions required of it under the NOTE, MORTGAGE, and other accompanying loan documents.

15. TRUST has breached the NOTE and the MORTGAGE by failing to make payments as required under the NOTE.

16. JAFARI has breached the NOTE by failing to make payments as required under the NOTE.

**COUNT I**
**FORECLOSURE OF MORTGAGE**
(6925 West Cermak Road, Berwyn, IL 60402)

17. CHARTER ONE hereby realleges and incorporates Paragraphs 1-16 of this COMPLAINT as Paragraph 17 of this Count I as if set forth herein.

18. CHARTER ONE files this Count I to foreclose the MORTGAGE hereinafter described and joins the persons named above as "DEFENDANTS," as parties hereto.

19. Attached as EXHIBIT B is a true and accurate copy of NOTE and EXHIBIT C is a true and accurate copy of the MORTGAGE.

20. Information concerning said MORTGAGE:

    (A) Nature of the instrument: MORTGAGE

    (B) Date of the mortgage: FEBRUARY 11, 2003

    (C) Name of mortgagors: TRUST

4

(D)    Name of mortgagee: CHARTER ONE

(E)    Date and place of recording or registering:  MORTGAGE – FEBRUARY 26, 2003, COOK COUNTY, IL RECORDER OF DEEDS

(F)    Identification of recording: MORTGAGE - DOCUMENT NO. 0030274755

(G)    Interest subject to the mortgage: FEE SIMPLE

(H)    Amount of original indebtedness:

       MORTGAGE          $580,000.00

(I)    Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

       LOTS 10 AND 11 IN 22ND STREET LAND ASSOCIATION SUBDIVISION OF THAT PART OF THE EAST 1/2 OF THE NORTHWEST 1/4 (EXCEPT THE EAST 41 ACRES THEREOF) LYING NORTH OF RIVERSIDE PARKWAY OF SECTION 30, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

       COMMONLY KNOWN AS:        6925 WEST CERMAK ROAD
                                 BERWYN, IL 60402

       PINS:                     16-30-102-001-0000
                                 16-30-102-002-0000

(J)    Statement as to defaults: the NOTE and the MORTGAGE are in default as the mortgagor, TRUST, has failed to pay the amounts owed pursuant to the NOTE and the MORTGAGE, plus attorneys' fees, foreclosure costs, late charges, advances and any and all other expenses incurred by the mortgagee, CHARTER ONE, as a result of the default of the NOTE and the MORTGAGE, TRUST and JAFARI, owe:

       **NOTE** (figures accurate as of November 18, 2013):

| | |
|---|---|
| Principal Balance Due | $   495,085.33 |
| Accrued Interest | $     29,719.11 |
| Late Charges | $     49,508.53 |
| **Total Amount Due** | **$   574,312.97** |

       Interest continues to accrue at a rate of $163.85 per day.

(K)    Name of present owner(s) of the real estate: TRUST

5

(L)     Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated and alleged to be subordinate and inferior to the mortgage of the Plaintiff:

TRUST, JAFARI, AND CHASE

(M)     Names of persons of any defendants claimed to be personally liable for deficiency, if any: TRUST AND JAFARI

(N)     Capacity in which Plaintiff brings this foreclosure: PLAINTIFF IS THE LEGAL HOLDER OF THE INDEBTEDNESS. Furthermore, if applicable, an assignment of mortgage was recorded as follows: NONE KNOWN AT THIS TIME.

(O)     Facts in support of a redemption period shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the court, or (ii) 3 months from the entry of the judgment of foreclosure, whichever is later, if sought: TRUST HAS WAIVED ITS RIGHTS OF REDEMPTION PURSUANT TO THE PARAGRAPH TITLED "WAIVER OF RIGHT OF REDEMPTION AND REINSTATEMENT." *See* EXHIBIT C, PG. 10, ¶4.6.

(P)     Statement that the right of redemption has been waived by all owners of redemption, if applicable: TRUST HAS WAIVED ITS RIGHTS OF REDEMPTION PURSUANT TO THE PARAGRAPH TITLED "WAIVER OF RIGHT OF REDEMPTION AND REINSTATEMENT" ON PAGE 10 OF THE MORTGAGE.

(Q)     Facts in support of request for attorneys' fees and of any and all costs and expenses, if applicable: THE SUBJECT MORTGAGE PROVIDES FOR PAYMENT OF ATTORNEYS' FEES AND LEGAL EXPENSES WITH INTEREST FROM THE DATE OF EXPENDITURE UNTIL REPAID. *See* EXHIBIT C, PG. 11, ¶5.1.

(R)     Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought: CHARTER ONE IS ENTITLED TO BE PLACED AS MORTGAGEE IN POSSESSION OR TO HAVE A RECEIVER APPOINTED TO TAKE POSSESSION OF ALL OR ANY PART OF THE PROPERTY, WITH THE POWER TO PROTECT AND PRESERVE THE PROPERTY, TO OPERATE THE PROPERTY PRECEDING FORECLOSURE OR SALE, AND TO COLLECT THE RENTS FROM THE PROPERTY AND APPLY THE PROCEEDS, OVER AND ABOVE THE COST OF THE RECEIVERSHIP, AGAINST THE INDEBTEDNESS. THE MORTGAGEE IN POSSESSION OR RECEIVER MAY SERVE WITHOUT BOND IF PERMITTED BY LAW. LENDER'S RIGHT TO THE APPOINTMENT OF A RECEIVER SHALL EXIST WHETHER OR NOT THE APPARENT VALUE OF THE PROPERTY EXCEEDS THE INDEBTEDNESS BY A SUBSTANTIAL AMOUNT. EMPLOYMENT BY LENDER SHALL NOT DISQUALIFY

6

A PERSON FROM SERVING AS A RECEIVER. *See* Exhibit C, Pgs. 8-9, ¶4.2(b)&(g).

(S)     Offer to mortgagor in accordance with Section 15–1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale, if sought: No offer is made, however Charter One alleges that it is not precluded from making or accepting such offer by the filing of the instant foreclosure action.

(T)     Name or names of defendants whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof: Trust, Jafari, and Chase.

**WHEREFORE**, for the foregoing reasons Plaintiff, Charter One, prays for the following relief:

(i)     A judgment of foreclosure of the Mortgage and sale by a Special Commissioner Pursuant to Section 1507 of the Illinois Mortgage Foreclosure Law and 28 U.S.C. §2001(a);

(ii)    An order granting shortened redemption to those parties who have not waived redemption as applicable under the Mortgage;

(iii)   A personal judgment for deficiency;

(iv)    An order granting possession;

(v)     An order placing the mortgagee in possession or appointing a receiver;

(vi)    A judgment for attorneys' fees, all costs and expenses;

(vii)   A finding and judgment that the interests of all Defendants, are subservient to the Charter One's and the termination of all leaseholds, if any;

(viii)  Such other and further relief as equity and this Court deem just.

## COUNT II
## APPOINTMENT OF CHARTER ONE AS MORTGAGEE-IN-POSSESSION AND/OR RECEIVER FOR THE REAL ESTATE AND BUSINESS ASSETS

21. CHARTER ONE hereby realleges and incorporates Paragraphs 1-16 of this COMPLAINT as Paragraph 21 of this Count II as if set forth herein.

22. According to the MORTGAGE, TRUST agreed to grant CHARTER ONE a continuing security interest in all assets, rights, title, interests in, rents in, and all written and oral leases in the MORTGAGE. *See* EXHIBIT C.

23. Pursuant to the MORTGAGE, failure to pay any of the amounts due and owing under the NOTE and/or the MORTGAGE when due is an event of default. The MORTGAGE states:

> Events of Default. Event of Default shall mean the occurrence of any one or more of the following events:
>
> (a) default of any liability, obligation, covenant or undertaking of the Mortgagor or any guarantor of the Obligations to the Bank, hereunder or otherwise, including failure to pay in full and when due any installment of principal or interest or default of the Mortgagor or any guarantor of the Obligations under any other Loan Document.

*Id.* at pg. 7, ¶4.1(a).

24. Pursuant to the NOTE, failure to pay any of the amounts due and owing under it and/or the MORTGAGE when due is also an event of default. Specifically, pages 1-2 of the NOTE states:

> At the option of the Bank, this Note shall become immediately due and payable without notice or demand upon the occurrence at any time of any of the following events of default (each, an "Event of Default"): (1) default of any liability, obligation, covenant, or undertaking of the Borrower, any endorser or any guarantor hereof to the Bank, hereunder or otherwise, including failure to pay in full and when due any installment of principal or interest or default of the Borrower, any endorser or any guarantor hereof under any other loan document delivered by the Borrower, any endorser or

8

any guarantor, or in connection with the loan evidenced by this Note.

Exhibit B, pg. 3.

25. CHARTER ONE has demanded that TRUST and JAFARI pay all outstanding amounts due and owing under the MORTGAGE and NOTE.

26. TRUST and JAFARI have failed and refused, and still fail and refuse, to pay all outstanding amounts due and owing under the MORTGAGE and NOTE.

27. As outlined above, TRUST is in default on the MORTGAGE and NOTE; JAFARI is in breach of the NOTE. *See* Exhibits B & C.

28. The MORTGAGE defines the term "Property" as follows:

The term "Property", as used in this Mortgage, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all right, title and interest now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) the following categories of assets as defined in the Uniform Commercial Code: goods (including inventory, equipment and any accessories thereto), instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), commercial tort claims, securities and all other investment property, general intangibles (including payment intangibles and software), supporting obligations and any and all proceeds of any thereof, whether now owned or hereafter acquired, that are located on or used in connection with, or that arise in whole or in part out of the Mortgagor's use of business conducted on or respecting, the Property and any substitutions, replacements, accessions and proceeds of any of the foregoing; (iii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined, (iv) all of the rights and benefits of the Mortgagor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof, together

9

> with any extensions and renewals thereof, specifically excluding all duties or obligations of the Mortgagor of any kind arising thereunder (the "Leases"); and (v) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

*See* EXHIBIT C, pg. 2, ¶1.5.

29.     Pursuant to the MORTGAGE, upon default by TRUST, CHARTER ONE has the right to be placed in as mortgagee-in-possession or to have a receiver appointed to take possession and control of the PROPERTY and BUSINESS ASSETS of TRUST.   Specifically, in the section titled "Remedies,"

> On the occurrence of any Event of Default the Bank may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:
>
> (b)  Enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Mortgagor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Bank upon the Property for any reason shall not cause the Bank to be a mortgage in possession, except upon the express written declaration of the Bank;
>
> (c)  With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Mortgagor appoints the Bank as its true and lawful attorney with the power for the Bank in its own name and capacity to demand and collect Rents and take any action that the Mortgagor is authorized to take under the Leases.   The Bank shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Bank determines, or in accordance with any applicable statute, and the Mortgagor agrees that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later

10

commencement of foreclosure for breach thereof. The Bank shall be liable to account only for such Rents actually received by the Bank. Lessees under the Leases are hereby authorized and directed, following notice from the Bank, to pay all amounts due the Mortgagor under the Leases to the Bank, whereupon such lessees shall be relieve of any and all duty and obligation to the Mortgagor with respect to such payments so made;

(d) In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Bank may determine, or otherwise foreclose this Mortgage in any manner permitted by law, and upon such sale the Mortgagor shall execute and deliver such instruments as the Bank may request in order to convey and transfer all of the Mortgagor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Mortgagor in and to the Property. In the event this Mortgage shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Bank shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion of the entirety of the Property from time to time thereafter. In addition, the Bank may in its sole and exclusive discretion subordinate this Mortgage to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure[.]

(g) Take such other actions or proceedings as the Bank deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Mortgagor hereby waives any right to object to such appointment)[....]

*Id.* at pg. 8-9, ¶4.2(b-d & g).

30. Further, pursuant to the MORTGAGE, TRUST presently assigns to CHARTER ONE all of TRUST's right, title, and interest in and to all present and future leases of the PROPERTY and all rents from the PROPERTY. In addition, TRUST grants to CHARTER ONE a Uniform Commercial Code security interest in all BUSINESS ASSETS. *See id.* at pg. 2, ¶1.2.

11

31.     CHARTER ONE wishes to gain access to the PROPERTY and BUSINESS ASSETS in order to determine if they are properly secured.

32.     Without being allowed to gain access and possession of the premises to protect its interests, CHARTER ONE'S interests cannot be adequately protected.

33.     Unless CHARTER ONE is put in possession of the PROPERTY and BUSINESS ASSETS, it will be in danger of loss as a result of neglect, waste, or insolvency.

34.     Further, given the failure of TRUST to comply with CHARTER ONE'S demand for payment, a demand for the PROPERTY and BUSINESS ASSETS would be futile.

**WHEREFORE** PLAINTIFF, CHARTER ONE, requests this Honorable Court enter an Order requiring TRUST, to:

i.      Place CHARTER ONE as a mortgagee-in-possession over the PROPERTY and assets of TRUST or in the alternative, appoint a receiver over the PROPERTY and BUSINESS ASSETS of TRUST.

ii.     To prohibit DEFENDANTS, from removing any and all of its collateral or assets as set forth in the MORTGAGE from the PROPERTY.

iii.    Require TRUST to assemble all of their collateral and assets at a location selected by CHARTER ONE.

iv.     Order a UCC sale of all assets of TRUST.

v.      Disclose the identity and detail of all leases, whether oral or written, for the PROPERTY.

vi.     For all such other and further relief as this Court deems just and reasonable.

## COUNT III
## BREACH OF CONTRACT
### (NOTE - TRUST)

35.     CHARTER ONE hereby incorporates Paragraphs 1-16 of this COMPLAINT as Paragraph 35 of this Count III as if set forth herein.

12

36.     CHARTER ONE has complied with all terms and conditions required of it under the NOTE.

37.     Despite CHARTER ONE'S demand, TRUST has failed to repay the full amount of the indebtedness owed to CHARTER ONE under the NOTE.

38.     The terms of the NOTE allow for late charges. According to the NOTE:

> If any payment due under this Note is unpaid for 10 days or more, the Borrower shall pay, in addition to any other sums due under this Note (and without limiting the Bank's other remedies on account thereof), a late charge equal to 10.0% of such unpaid amount.

*See* EXHIBIT B, pg. 4.

39.     In addition, the terms of the NOTE allow for attorneys' fees. According to the NOTE:

> The Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of all amounts under this Note, including, without limitation, principal and interest, or in connection with the enforcement of, or realization on, any security for this Note, including, without limitation, to the extent permitted by applicable law, reasonable attorneys' fees and expenses.

*Id.*

40.     TRUST breached the NOTE for failure to make payment in full when due as required under the NOTE.

41.     As of November 18, 2013, and exclusive of attorneys' fees and costs, TRUST owes on the NOTE a balance of $574,312.97, comprised of $495,085.33 in principal, accrued interest in the amount of $29,719.11, and late charges of $49,508.53. Interest continues to accrue at a rate of $163.85 per day.

42.     CHARTER ONE has suffered damages due to the breach of the NOTE.

13

43. CHARTER ONE has incurred legal expenses associated with the breach of the NOTE.

**WHEREFORE**, for the foregoing reasons, PLAINTIFF, CHARTER ONE, prays this Honorable Court enter judgment in its favor and against TRUST in an amount in excess of $574,312.97, comprised of $495,085.33 in principal, accrued interest in the amount of $29,719.11, late charges of $49,508.53, *per diem* interest of $163.85, plus costs, attorneys' fees, and any and all other charges and expenses allowed under the terms of the NOTE or such other amount as determined by this Honorable Court, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
### (NOTE - JAFARI)

44. CHARTER ONE hereby incorporates Paragraphs 1-16 of this COMPLAINT as Paragraph 44 of this Count IV as if set forth herein.

45. CHARTER ONE has complied with all terms and conditions required of it under the NOTE.

46. Despite CHARTER ONE'S demand, JAFARI has failed to repay the full amount of the indebtedness owed to CHARTER ONE under the NOTE.

47. The terms of the NOTE allow for late charges. According to the NOTE:

> If any payment due under this Note is unpaid for 10 days or more, the Borrower shall pay, in addition to any other sums due under this Note (and without limiting the Bank's other remedies on account thereof), a late charge equal to 10.0% of such unpaid amount.

EXHIBIT B, pg. 4.

14

48. In addition, the terms of the NOTE allow for attorneys' fees. According to the NOTE:

> The Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of all amounts under this Note, including, without limitation, principal and interest, or in connection with the enforcement of, or realization on, any security for this Note, including, without limitation, to the extent permitted by applicable law, reasonable attorneys' fees and expenses.

*Id.*

49. JAFARI breached the NOTE for failure to make payment in full when due as required under the NOTE.

50. As of November 18, 2013, and exclusive of attorneys' fees and costs, JAFARI owes on the NOTE a balance of $574,312.97, comprised of $495,085.33 in principal, accrued interest in the amount of $29,719.11, and late charges of $49,508.53. Interest continues to accrue at a rate of $163.85 per day.

51. CHARTER ONE has suffered damages due to the breach of the NOTE.

52. CHARTER ONE has incurred legal expenses associated with the breach of the NOTE.

**WHEREFORE**, for the foregoing reasons, PLAINTIFF, CHARTER ONE, prays this Honorable Court enter judgment in its favor and against JAFARI in an amount in excess of $574,312.97, comprised of $495,085.33 in principal, accrued interest in the amount of $29,719.11, late charges of $49,508.53, *per diem* interest of $163.85, plus costs, attorneys' fees, and any and all other charges and expenses allowed under the terms of the NOTE or such other amount as determined by this Honorable Court, and grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**CHARTER ONE, A DIVISION OF RBS CITIZENS, N.A.**, *Plaintiff*

By:   /s/ Scott A Nehls
        Attorney for *Plaintiff*

Richard C. Perna (#6193236)
Scott A. Nehls (#6290318)
**FUCHS & ROSELLI, LTD.**
440 West Randolph Street, Suite 500
Chicago, IL 60606
(312) 651-2400

## VERIFICATION BY CERTIFICATION

I certify under penalty of perjury that the statements set forth in this *Verified Complaint for Mortgage Foreclosure, Appointment of Mortgagee in Possession and/or Receiver and for Other Relief* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on:    11/18/13

 

RBS CITIZENS, N.A. d/b/a CHARTER ONE, successor by merger to CHARTER ONE BANK, N.A., *Plaintiff*

BY:     _____
Thomas Thompson

ITS:     _____

17