```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

RBS CITIZENS, N.A. d/b/a        )
CHARTER ONE, etc.,              )
                                )
            Plaintiff,          )
                                )
     v.                         )     No.  13 C 8332
                                )
CHICAGO TITLE LAND TRUST        )
COMPANY, etc., et al.,          )
                                )
            Defendants.         )
```

                        MEMORANDUM ORDER

   This Court has received the Complaint in this mortgage foreclosure action, predicated (as always) on the diversity of citizenship branch of federal subject matter jurisdiction, and it has noted a couple of inexplicable deficiencies in the latter respect.  Although both Complaint ¶1 and its n.1 correctly identify each facet of the corporate citizenship of plaintiff RBS Citizens, N.A. under 28 U.S.C. §1332(c)(1),[1] the Complaint has managed to get it wrong as to each of the other three parties litigant:

    1. Complaint ¶2 alleges irrelevancies (at least in the jurisdictional sense) as to Chicago Title Land Trust Company, so that paragraph needs to be reworked.

    2. As to defendant Nercy Jafari, the Complaint ¶3 speaks of him or her only as "an individual whose address is

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

32 Baybrook Lane, Oakbrook IL 60523." That reference to an individual's residence rather than his or her state of citizenship also does not do the job--indeed our Court of Appeals has reconfirmed in <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)(citing earlier caselaw) that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit."

    3. Lastly, despite counsel's already-referred-to knowledge of the correct allegations as to national banking associations, Complaint ¶4 has not provided the requisite jurisdictional information as to defendant JPMorgan Chase Bank, N.A.

That level of carelessness really justifies the Draconian mandate reconfirmed in <u>Adams v. Catrambone</u>. This Court will heed that directive by dismissing the Complaint and this action--but to spare plaintiff's counsel the need to provide a complete do-over if the proper allegations do establish the requisite diversity, counsel is advised that a timely Fed. R. Civ. P. 59(e) motion that cures the existing flaws will be granted on condition that plaintiff couple the motion with a $400 payment to the Clerk

of Court.[2]

```
                         _____
                         Milton I. Shadur
                         Senior United States District Judge
```

Date:  November 27, 2013

---

[2]  That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.